## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| MELINA NAVARRETE, | ) |
| Plaintiff, | ) Case No. 25-cv-4827 |
| v. | ) |
| CITY OF CHICAGO, ROBERT HERNANDEZ, and JOHN DOE, | ) **JURY TRIAL DEMANDED** |
| Defendants. | ) |

### COMPLAINT

Plaintiff MELINA NAVARRETE, by and through her attorneys, ED FOX & ASSOCIATES, LTD., brings this Complaint against Defendants CITY OF CHICAGO, ROBERT HERNANDEZ, and JOHN DOE, alleging as follows:

### JURISDICTION AND VENUE

1. The cause of action arises under 42 U.S. Code § 1983.

2. This Court has jurisdiction over the federal claims under 28 U.S.C. §§ 1331 and 1343 and supplemental jurisdiction over the state law claim under 28 U.S.C. § 1367.

3. Venue is proper under 28 U.S.C. § 1391(b) because the events giving rise to the claims occurred within this judicial district.

### PARTIES

4. At all relevant times, Plaintiff MELINA NAVARRETE ("Plaintiff") was a citizen of the United States and resided within this judicial district.

5. At all relevant times, Defendant ROBERT HERNANDEZ, Badge No. 5655 ("Defendant Hernandez"), and JOHN DOE ("Defendant Doe") (collectively "Defendant Officers") were police officers in the Chicago Police Department. Defendant Officers

acted under color of state law and within the scope of their employment. Defendant Officers are being sued in their individual capacities.

6. At all relevant times, CITY OF CHICAGO ("Defendant City") was a political division of the State of Illinois and served as the employer of Defendant Officers. Defendant Officers acted as representatives, employees, and/or agents of Defendant City. Under the doctrine of *respondeat superior*, Defendant City bears liability for all state law claims committed by their representatives, employees, and agents acting within that scope.

**FACTUAL ALLEGATIONS**

7. On or about January 24, 2025, Plaintiff was lawfully driving her vehicle near 79th Street and Exchange Avenue in Chicago, Illinois.

8. Defendant Officers activated the emergency lights in their police vehicle.

9. Plaintiff immediately pulled over her vehicle.

10. Defendant Officers approached Plaintiff's vehicle on each side, and Defendant Hernandez demanded that Plaintiff produce a Firearm Owner's Identification ("FOID") Card.

11. Plaintiff informed Defendant Hernandez that she neither had a FOID card nor a firearm.

12. Defendant Hernandez demanded that Plaintiff roll down her vehicle's rear driver's side window.

13. Plaintiff complied and rolled down her vehicle's rear driver's side window.

14. Defendant Officers demanded that Plaintiff exit her vehicle.

15. Plaintiff complied and exited her vehicle.

16. Defendant Officers placed Plaintiff in handcuffs.

17. Defendant Officers searched Plaintiff's person.

18. Defendant Officers did not find any contraband on Plaintiff's person.

19. Defendant Officers searched Plaintiff's vehicle.

20. Defendant Officers did not find any contraband in Plaintiff's vehicle.

21. Defendant Officers eventually uncuffed Plaintiff.

22. Defendant Hernandez informed Plaintiff that they stopped her vehicle because the registration plate was expired.

23. The registration plate on Plaintiff's vehicle was not expired.

24. Defendant Officers allowed Plaintiff to return to the vehicle and leave the area without issuing citations.

25. There was no legal justification to conduct a traffic stop on Plaintiff's vehicle, to have her exit the vehicle, to search her person, or to search her vehicle.

26. As a direct and proximate result of one or more of the above-mentioned actions and/or omissions by Defendant Officers, Plaintiff suffered significant injuries, including but not limited to the loss of liberty, invasion of privacy, humiliation, indignities, and suffered great mental and emotional pain in an amount yet to be ascertained.

27. The actions and/or omissions mentioned above by Defendant Officers were willful, wanton, malicious, oppressive, and done with reckless indifference and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

28. Because of the actions and/or omissions mentioned above by Defendant

Officers, Plaintiff retained attorneys to institute, prosecute, and render legal assistance to her in the within action so that they might vindicate the loss and impairment of her rights. By reason thereof, Plaintiff requests payment by Defendants of a reasonable sum for attorneys' fees under all relevant provisions set by law.

## COUNT I
## WRONGFUL DETENTION IN VIOLATION OF THE FOURTH AMENDMENT UNDER 42 U.S.C. § 1983

29. Plaintiff hereby incorporates and reasserts paragraphs one (1) through twenty-eight (28) as though fully set forth at this place.

30. Defendant Officers wrongfully detained Plaintiff when they stopped her vehicle, had her exit her vehicle, and placed her in handcuffs without legal justification, causing her to suffer emotional and other injuries. Through this conduct, Defendant Officers deprived Plaintiff of her rights secured by the Fourth Amendment to the United States Constitution and laws enacted thereunder.

31. Therefore, Defendant Officers are liable under 42 U.S.C. § 1983.

## COUNT II
## UNLAWFUL SEARCH IN VIOLATION OF THE FOURTH AMENDMENT UNDER 42 U.S.C. § 1983

32. Plaintiff hereby incorporates and reasserts paragraphs one (1) through twenty-eight (28) as though fully set forth at this place.

33. Defendant Officers wrongfully searched Plaintiff's person and vehicle without legal justification, causing her to suffer emotional and other injuries. Through this conduct, Defendant Officers deprived Plaintiff of her rights secured by the Fourth Amendment to the United States Constitution and laws enacted thereunder.

34. Therefore, Defendant Officers are liable under 42 U.S.C. § 1983.

## COUNT III
## FALSE IMPRISONMENT IN VIOLATION OF ILLINOIS COMMON LAW

35. Plaintiff hereby incorporates and reasserts paragraphs one (1) through twenty-eight (28) as though fully set forth at this place.

36. Defendant Officers intentionally imprisoned Plaintiff when they stopped her vehicle, had her exit her vehicle, and placed her in handcuffs without legal justification, causing her to suffer emotional and other injuries. Through this conduct, Defendant Officers committed false imprisonment under Illinois law.

37. Therefore, Defendant City is liable for false imprisonment under Illinois common law under the doctrine of *respondeat superior*.

## PRAYER FOR RELIEF

38. Defendants shall pay general damages.

39. Defendants shall pay special damages.

40. Defendants shall pay Plaintiff's attorneys' fees.

41. Defendant Officers shall pay punitive and exemplary damages.

42. Defendants shall pay the costs of the suit herein incurred.

43. Plaintiff shall have such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

44. Under Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues so triable.

Dated: May 1, 2025

                                      Respectfully submitted,

                                      */s/ Peter T. Sadelski*
                                      Peter T. Sadelski
                                      ED FOX & ASSOCIATES, LTD.
                                      118 N. Clinton St., Ste. 425
                                      Chicago, IL 60661
                                      (312) 345-8877
                                      petersadelski@efoxlaw.com
                                      *Attorney for Plaintiff*